THE PEOPLE OF THE STATE OF NEW YORK, on the Information of ANNA C. REED, Respondent, v. MAX M. ROSENBERG, Appellant.

First Department, November 5, 1926.

**Crimes — violation of Labor Law, § 161, subd. 3, providing that employer who operates establishment on Sunday shall post schedule containing list of employees working on Sunday, designating another day of rest for each employee and shall file copy with Commissioner of Department of Labor — defendant is registered pharmacist and conducts pharmacy and drug store — defendant employed registered apprentice who was engaged in regular profession of pharmacy — hours of labor and other conditions of service of said apprentice are regulated by Public Health Law, §§ 232, 234 and 236 — defendant is not guilty.**

The defendant, a registered pharmacist conducting a pharmacy and drug store, was improperly convicted of a violation of subdivision 3 of section 161 of the Labor Law which requires an employer who operates his establishment on

Sunday to post on the premises a schedule containing a list of employees who are permitted to work on Sunday and designating a day of rest for each employee, and which requires the filing of such schedule with the Commissioner of the Department of Labor, for the employee whose employment formed the basis of the charge is a registered apprentice in defendant's establishment engaged in the regular profession of pharmacy, and the hours of service and other service regulations in pharmacies and drug stores are not regulated by the Labor Law, but by sections 232, 234 and 236 of the Public Health Law.

APPEAL by the defendant, Max M. Rosenberg, from a judgment of the Municipal Term of the Court of Special Sessions, Part I, rendered on the 21st day of December, 1925, convicting him of a violation of subdivision 3 of section 161 of the Labor Law of 1921. (See Penal Law, § 1275.)

*Sol. A. Herzog* of counsel [*Archer Scherl* with him on the brief], for the appellant.

*Edward V. Loughlin, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

McAvoy, J. The defendant in this action was found guilty of a violation on October 18, 1925, of subdivision 3 of section 161 of article 5 of the act known as the Labor Law. This section in the 3d subdivision thereof prescribes that an employer who operates his establishment on Sunday shall conspicuously post on the premises a schedule containing a list of his employees who are permitted to work on Sunday, and designating a day of rest for each employee, and he is required to file a copy of such schedule with the Commissioner of the Department of Labor.

The defendant is a registered pharmacist conducting a pharmacy and drug store. The Department of Labor instituted proceedings against the defendant because of his omission to comply with this provision of section 161, subdivision 3, of the Labor Law, and defendant was convicted of a violation of the duty imposed by the act.

The proof indicated that the defendant's employee was engaged in the capacity of a registered apprentice in the defendant's establishment and was pursuing a course toward becoming a licensed practitioner in the profession of pharmacy. The defendant contends that while his employee was acting as such apprentice in this profession his duties were governed solely by the provisions relating to pharmacists under the Public Health Law, and that the Labor Law and the regulations of the Department of Labor were not applicable to the conduct of his apprenticeship under a registered pharmacist.

A comparison of the statutes makes this contention manifestly so.

The provision under which the defendant was convicted apparently refers exclusively to a mercantile establishment operating

on Sunday for the sale of ordinary merchandise. It was decided in *People* v. *Liggett Co.* (227 N. Y. 617) that a similar provision of subdivision 2 of section 161 of the Labor Law of 1909 (as amd. by Laws of 1915, chap. 386; since amd. by Laws of 1919, chap. 582; now Labor Law of 1921, § 181), prohibiting the employment of a female over the age of sixteen years in or in connection with any mercantile establishment after ten o'clock in the evening of any day, refers to a person engaged in mercantile pursuits even though so engaged in a drug store, but the person there employed was not engaged in the profession of pharmacy. In the above cited case of *People* v. *Liggett Co.* a conviction was upheld for permitting a female to work behind a stationery counter after ten P. M., in violation of section 161 of the former Labor Law, but no proof was made that she was anything other than a mercantile employee. That the Public Health Law is the statute which is applicable to the employment of apprentice pharmacists is evident from section 232 thereof (as amd. by Laws of 1910, chap. 422) which vests the State Board of Pharmacy with regulatory powers over all drug stores and pharmacies, and it provides in subdivisions (c) and (d) that the Board has power: " (c) To regulate the employment of apprentices and employees in pharmacies. (d) To regulate the working hours and sleeping apartments of employees in pharmacies," and section 234 of the Public Health Law (as amd. by Laws of 1923, chap. 269) provides that " * * * Every pharmacy shall be owned by a licensed pharmacist and every drug store shall be owned by a licensed druggist; and no copartnership shall own a pharmacy unless all of the partners are licensed pharmacists and no copartnership shall own a drug store unless all the partners are licensed druggists; * * *."

If a pharmacy were to be included under the generic term of a mercantile establishment in respect of all its employees, including apprentices to the profession of pharmacy, the authority to regulate working hours of such employees as were apprentices between the Labor Department and the State Board of Pharmacy would be confused. There is a specific provision regulating the working hours under the Public Health Law having application to apprentices or employees in a pharmacy which reads as follows: Section 236 (as amd. by Laws of 1914, chap. 514): " Working hours and sleeping apartments. No apprentice or employee in any pharmacy or drug store shall be required or permitted to work more than seventy hours a week. Nothing in this section prohibits working six hours overtime any week for the purpose of making a shorter succeeding week, provided, however, that the aggregate number of hours in any such two weeks shall not exceed one hundred and

thirty-two hours. The hours shall be so arranged that an employee shall be entitled to and shall receive at least one afternoon and evening off in each week and in addition thereto shall receive one full day off in two consecutive weeks. No proprietor of any pharmacy or drug store shall require any clerk to sleep in any room or apartment in or connected with such store that does not comply with the sanitary regulations of the local board of health. The provisions of this section alone regulate working hours and sleeping apartments in pharmacies or drug stores."

The last sentence of this section obviously points to the intent of the Legislature to exclude all other regulations with respect to working hours contained in the Labor Law or elsewhere, so far as apprentice pharmacists are concerned, and in view, therefore, of the fact that the testimony is uncontradicted that this clerk who worked on Sunday was engaged in the regular profession of pharmacy and there being no proof, as there was in the *Liggett* case, that he was engaged in the sale of any mercantile articles on the premises, the defendant could not be convicted of the violation of the Labor Law which was charged in the information.

The judgment of conviction should be reversed and the defendant discharged.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed and defendant discharged. Settle order on notice.